UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

S.B.,

    Plaintiff,

v.  Civ. No. 21-402 KWR/GJF

ALISHA TAFOYA LUCERO, *Secretary of the New Mexico Corrections Department*, and WENCESLAUS ASONGANYI, *Health Services Administrator of the New Mexico Corrections Department*,

    Defendants.

## NOTICE AND ORDER TO SHOW CAUSE

THIS MATTER is before the Court *sua sponte*. On April 29, 2021, Plaintiff filed a complaint under the pseudonym "S.B." ECF 1. Proceeding anonymously, however, is not contemplated by the Federal Rules of Civil Procedure. Rather, Rule 10(a) requires that the title of a complaint "name all the parties," and Rule 17(a) prescribes that "[a]n action must be prosecuted in the name of the real party in interest."

Nonetheless, the Tenth Circuit has recognized there may be some cases in which "exceptional circumstances" warrant permitting a party to proceed anonymously. *Femedeer v. Haun*, 227 F.3d 1244, 1246 (10th Cir. 2000) (quoting *M.M. v. Zavaras*, 139 F.3d 798, 800 (10th Cir. 1998)). Adopting the standard of the Eleventh Circuit, the Tenth Circuit ruled,

> Lawsuits are public events. A plaintiff should be permitted to proceed anonymously only in exceptional cases involving matters of a highly sensitive and personal nature, real danger of physical harm, or where the injury litigated against would be incurred as a result of the disclosure of the plaintiff's identity. The risk that a plaintiff may suffer some embarrassment is not enough.

*Femedeer*, 227 F.3d at 1246 (quoting *Doe v. Frank*, 951 F.2d 320, 324 (11th Cir. 1992)).

Whether a plaintiff may proceed anonymously is subject to the discretion of the trial court.

*Zavaras*, 139 F.3d at 802.  In exercising that discretion, the court must "weigh[] the plaintiff's claimed right to privacy against the countervailing public interest." *Id*. at 803.  The public has an "important interest in access to legal proceedings."  *Femedeer*, 227 F.3d at 1246.  Moreover, without a party's name in the public record, "it is difficult to apply legal principles of res judicata and collateral estoppel."  *Id*.  "Ordinarily, those using the courts must be prepared to accept the public scrutiny that is an inherent part of public trials."  *Id*.  "A plaintiff should not be permitted to proceed under a pseudonym unless the need for anonymity outweighs the public interest in favor of openness."  *Raiser v. Brigham Young Univ*., 127 F. App'x 409, 411 (10th Cir. 2005).

The Tenth Circuit has stated that "[w]hen a party wishes to file a case anonymously or under a pseudonym, it must first petition the district court for permission to do so."  *W.N.J. v. Yocom*, 257 F.3d 1171, 1172 (10th Cir. 2001) (citing *Nat'l Commodity & Barter Ass'n v. Gibbs,* 886 F.2d 1240, 1245 (10th Cir. 1989)).  If the court grants permission, the court often requires plaintiff(s) to disclose their real names to defendants and to the court, but otherwise to be kept under seal.  *Id*.  "Where no permission is granted, 'the federal courts *lack jurisdiction* over the unnamed parties, as a case has not been commenced with respect to them.'"  *Id.* (emphasis added) (quoting *Nat'l Commodity & Barter Ass'n,* 886 F.2d at 1245).  Indeed, "proceeding anonymously without permission is a jurisdictional defect that may (and, indeed, must) be raised *sua sponte*."  *M.A.C. v. Gildner*, __ Fed. App'x. __, 2021 U.S. App. LEXIS 7735, 2021 WL 1016422, at *3 (10th Cir. Mar. 17, 2021) (unpublished).[1]

**IT IS THEREFORE ORDERED** that Plaintiff must show cause no later than **May 14, 2021,** why her full name should not be fully disclosed in filings with the Court.  Defendants may

---

[1] *See also id.* at *2-4 (upholding a district court's "*sua sponte* order dismissing [an] action for lack of jurisdiction" when plaintiff "fail[ed] to obtain permission to proceed by initials"—even though the statute of limitations that applied to plaintiff's suit "expired during the three days the suit was pending" and thus barred plaintiff from refiling).

respond to Plaintiff's submission within fourteen days of answering or otherwise responding to Plaintiff's complaint, but Defendants are not required to respond if Defendants agree with Plaintiff's position. Defendants' failure to respond within the time prescribed for doing so constitutes a waiver to object to the Court's decision.

**SO ORDERED.**

_____
THE HONORABLE GREGORY J. FOURATT
UNITED STATES MAGISTRATE JUDGE