UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

S.B.,

    Plaintiff,

v.                                                      Civ. No. 21-402 KWR/GJF

ALISHA TAFOYA LUCERO, *Secretary of the New Mexico Corrections Department*, and WENCESLAUS ASONGANYI, *Health Services Administrator of the New Mexico Corrections Department*,

    Defendants.

**ORDER QUASHING ORDER TO SHOW CAUSE AND
GRANTING MOTION TO PROCEED ANONYMOUSLY**

THIS MATTER is before the Court upon Plaintiff's Motion to Proceed Anonymously. ECF 10. Because Plaintiff proceeded anonymously without first obtaining authorization, the Court ordered Plaintiff to show cause why her full name should not be fully disclosed in filings with the Court. ECF 5 at 2. Plaintiff responded by filing the instant Motion, wherein she requests "leave to proceed under her initials, S.B." Mot. 1. The Court considers the Motion to be fully briefed because Defendants take no position on this issue. *Id.* at 1. Having reviewed the Motion and the relevant law, the Court finds Plaintiff's Motion to be well taken. Consequently, the Court will **QUASH** the Order to Show Cause and **GRANT** Plaintiff's Motion.

**I. LEGAL STANDARD**

Proceeding anonymously is not contemplated by the Federal Rules of Civil Procedure. Rather, Rule 10(a) requires that the title of a complaint "name all the parties," and Rule 17(a) prescribes that "[a]n action must be prosecuted in the name of the real party in interest." Nonetheless, the Tenth Circuit has recognized there may be some cases in which "exceptional circumstances" warrant permitting a party to proceed anonymously. *Femedeer v. Haun*, 227 F.3d

1244, 1246 (10th Cir. 2000) (quoting *M.M. v. Zavaras*, 139 F.3d 798, 800 (10th Cir. 1998)).

Adopting the standard of the Eleventh Circuit, the Tenth Circuit ruled,

> Lawsuits are public events. A plaintiff should be permitted to proceed anonymously only in exceptional cases involving matters of a highly sensitive and personal nature, real danger of physical harm, or where the injury litigated against would be incurred as a result of the disclosure of the plaintiff's identity. The risk that a plaintiff may suffer some embarrassment is not enough.

*Femedeer*, 227 F.3d at 1246 (quoting *Doe v. Frank*, 951 F.2d 320, 324 (11th Cir. 1992)).

Whether a plaintiff may proceed anonymously is subject to the discretion of the trial court. *Zavaras*, 139 F.3d at 802. In exercising that discretion, the court must "weigh[] the plaintiff's claimed right to privacy against the countervailing public interest." *Id*. at 803. The public has an "important interest in access to legal proceedings." *Femedeer*, 227 F.3d at 1246. Moreover, without a party's name in the public record, "it is difficult to apply legal principles of res judicata and collateral estoppel." *Id*. "Ordinarily, those using the courts must be prepared to accept the public scrutiny that is an inherent part of public trials." *Id*. "A plaintiff should not be permitted to proceed under a pseudonym unless the need for anonymity outweighs the public interest in favor of openness." *Raiser v. Brigham Young Univ.*, 127 F. App'x 409, 411 (10th Cir. 2005).

The Tenth Circuit has stated that "[w]hen a party wishes to file a case anonymously or under a pseudonym, it must first petition the district court for permission to do so." *W.N.J. v. Yocom*, 257 F.3d 1171, 1172 (10th Cir. 2001) (citing *Nat'l Commodity & Barter Ass'n v. Gibbs*, 886 F.2d 1240, 1245 (10th Cir. 1989)). If the court grants permission, the court often requires plaintiff(s) to disclose their real names to defendants and to the court, but otherwise to be kept under seal. *Id*. "Where no permission is granted, 'the federal courts *lack jurisdiction* over the unnamed parties, as a case has not been commenced with respect to them.'" *Id.* (emphasis added) (quoting *Nat'l Commodity & Barter Ass'n,* 886 F.2d at 1245). Indeed, "proceeding anonymously

without permission is a jurisdictional defect that may (and, indeed, must) be raised *sua sponte*." *M.A.C. v. Gildner*, __ Fed. App'x. __, 2021 U.S. App. LEXIS 7735, 2021 WL 1016422, at *3 (10th Cir. Mar. 17, 2021) (unpublished).[1]

## II. ANALYSIS

Plaintiff puts forth the following justifications for her request:

Plaintiff asks the Court to allow her to proceed anonymously for two reasons: (1) to protect her privacy regarding a recent rape, her history of sexual abuse, and current impulses towards self-harm that are relevant to, but not the basis of, this lawsuit; and (2) to protect her from the danger of physical harm due to her current health status and vulnerability.

…

[Her] recent rape, history of suicidality, and current impulses for self-harm are highly sensitive and personal matters that are important for the Court to understand. However, Plaintiff is currently incarcerated. These same issues place her at an increased risk of victimization during incarceration.

…

Plaintiff does not care if the public knows that she has severe OUD [opioid use disorder], that she used heroin for twenty years, or that she is working every day to stay off heroin. Rather, Plaintiff seeks anonymity because, being forced to withdraw from methadone, she is now particularly vulnerable. She does not want to be targeted by individuals with drugs. She does not want to increase the already-existing risk that she could relapse in jail or prison. Thus, she moves this Court to allow her to proceed anonymously to help her protect her physical safety

ECF 10 at 2-4, 7.

The Court finds that these reasons qualify as "exceptional circumstances" that warrant permitting S.B. to proceed anonymously. *Femedeer*, 227 F.3d at 1246. The risks posed to Plaintiff by disclosing her identity are significantly more than just the risk of embarrassment. Aside from the "highly sensitive and personal" information involving a recent rape and her suicidality that may come to light during this lawsuit, the Court finds that there is a "real danger of physical harm"

---

[1] *See also id.* at *2-4 (upholding a district court's "*sua sponte* order dismissing [an] action for lack of jurisdiction" when plaintiff "fail[ed] to obtain permission to proceed by initials"—even though the statute of limitations that applied to plaintiff's suit "expired during the three days the suit was pending" and thus barred plaintiff from refiling).

that may result to her in prison (e.g., being targeted by individuals with drugs) should her identity be made known to the public. Furthermore, the Court notes that hearings and filings (albeit sometimes slightly redacted) connected to this case will be open to the public, and the Court is unaware of any significant interest the public might have in Plaintiff's identity in connection with this case. Consequently, the Court will permit Plaintiff to proceed under the name "S.B."

### III. CONCLUSION

**IT IS THEREFORE ORDERED** that the Court's Order to Show Cause [ECF 5] is **QUASHED** Plaintiff's Motion [ECF 10] is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff shall, no later than **May 28, 2021,** file an unredacted complaint under seal that places on the record the Plaintiff in her real name as the party in interest. In all other filings, Plaintiff may proceed as "S.B."

**SO ORDERED.**

_____
THE HONORABLE GREGORY J. FOURATT
UNITED STATES MAGISTRATE JUDGE